**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CINDY MENCH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCCORMICK & PRIORE P.C.,<br><br>Defendant. | ) | Civil Action No.: 2:25-cv-02973<br>Honorable Kelley Brisbon Hodge |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff Cindy Mench's ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 17) (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiff and Defendant McCormick & Priore P.C., ("McCormick" or "Defendant") (together with Plaintiff, the "Parties"), with accompanying exhibits attached as Exhibit 1 to Plaintiff's Counsel's Declaration in Support of her Motion (the "Settlement Agreement") (ECF No. 19).[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

"The persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in December 2024, including all those individuals who received notice of the Data Incident."

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Specifically excluded from the Settlement Class are:

> (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **The Class Representatives and Class Counsel**. The Court finds that Plaintiff will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Raina C. Borrelli of the law firm Strauss Borrelli PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on **August 18, 2026 at 10:00 A.M.** in **Courtroom 15A** of the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for Attorneys' Fee Award and Costs should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representative for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints RG2 as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Pennsylvania Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain

language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of these proceedings, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Within seven (7) days after the deadline to opt-out as set forth in this Paragraph and as approved by the Court, the Settlement Administrator shall furnish to counsel for the parties a complete list of all timely and valid request for exclusions.

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and with copies mailed or hand-delivered to Class Counsel and Defendant's counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney. To be timely, written notice of an objection in the appropriate form must be submitted to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The provisions stated in Section 8 of the

Settlement Agreement be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process**. Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court's refuses to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court. In such event, (i) the Parties shall be restored to

their respective positions in the Action and shall jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by

Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Defendant | 5 days after Preliminary Approval Order |
| Defendant provides list of Settlement Class Members to the Settlement Administrator | 10 days after Preliminary Approval |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 30 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Deadline | No later than 30 days after Preliminary Approval. |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 7 days after Objection and Opt-Out Deadlines |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| | |
| **Final Approval Hearing** | No earlier than 120 days after entry of the Preliminary Approval Order |

**SO ORDERED.**

Dated: March 18, 2026

/s/ Hon. Kelley B. Hodge
Honorable Kelley Brisbon Hodge